IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHELSIE NITSCHKE AND CYNTHIA GEORGE, ) ) ) Plaintiffs, ) ) v. ) ) 87 SHEPHERD HILLS PARTNERS, ) LLC AND THE R.G. ANDERSON ) COMPANY, INC., ) ) Defendants/Third-Party Plaintiffs ) ) v. ) ) BERNARD L. WEINSTEIN d/b/a ) BERNARD L. WEINSTEIN ) ASSOCIATES and ALFRED BENESCH ) & COMPANY, ) . ) ) Third-Party Defendants ) ) | Civil Action No.: 3:25-cv-00201 JURY DEMANDED |

### DEFENDANT/THIRD-PARTY PLAINTIFF 87 SHEPHERD HILLS PARTNERS, LLC'S RESPONSE TO THIRD-PARTY DEFENDANT ALFRED BENESCH & COMPANY'S THIRD-PARTY COUNTER-CLAIM

**COMES NOW** Defendant/Third-Party Plaintiff 87 Shepherd Hills Partners, LLC (hereinafter, "Shepherd"), by and through undersigned counsel, and for its Answer to Third-Party Defendant Alfred Benesch & Company (hereinafter, "ABC")'s Third-Party Counter Claim ("Counter-Claim") would respond as follows:

#### FIRST AFFIRTMATIVE DEFENSE

The Counter-Claims fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

ABC is not entitled to any legal, equitable, or other relief from Shepherd, and ABC's actions are barred as a matter of law to the extent they seek any relief from Shepherd.

### THIRD AFFIRMATIVE DEFENSE

Shepherd would affirmatively aver and allege that it breached no duty of care to ABC and acted in accordance with generally accepted industry standards.

### FOURTH AFFIRMATIVE DEFENSE

Shepherd reserves the right to plead or assert additional defenses and/or cross, counter, or third-party claims should such be necessary and/or appropriate.

### FIFTH AFFIRMATIVE DEFENSE

Shepherd reserves the right to amend its Answer to plead any defenses which might be revealed through discovery, or otherwise revealed during the litigation of this case.

### SIXTH AFFIRMATIVE DEFENSE

Shepherd asserts the doctrine of modified comparative fault. Fault, if any, must be apportioned to ABC or any other individuals or entities found to be at fault. Recovery, if any, should be reduced accordingly.

Subject to and without waiving the affirmative defenses, Shepherd responds to the specific allegations of ABC's Counter-Claim as follows:

1. Shepherd contends that the contract between Shepherd and Stone and Hayworth speaks for itself, and any allegations inconsistent therewith are hereby denied.

2. Shepherd is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Counter-Claim.

3. To the extent the allegations of Paragraph 3 call for a legal conclusion, no response is required. Shepherd further contends that the contract between Shepherd and ABC speaks for

itself, and any allegations inconsistent therewith are hereby denied. All remaining allegations are hereby denied.

### Count I. Common-law (Implied) Indemnity Against RGA

4. Shepherd hereby incorporates its responses in the previous paragraphs of this Answer as if fully set forth herein.

5. The allegations in Paragraph 5 of this Counter-Claim are not directed towards Shepherd, and accordingly, no response is required.

6. The allegations in Paragraph 6 of this Counter-Claim are not directed towards Shepherd, and accordingly, no response is required.

7. The allegations in Paragraph 7 of this Counter-Claim are not directed towards Shepherd, and accordingly, no response is required.

8. The allegations in Paragraph 8 of this Counter-Claim are not directed towards Shepherd, and accordingly, no response is required.

9. The allegations in Paragraph 9 of this Counter-Claim are not directed towards Shepherd, and accordingly, no response is required.

### Count II. ABC's Counter-Claim for Indemnity Against Shepherd

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

WHEREFORE, having fully answered, Defendant denies the allegations contained in the Prayer for Relief, denies each and every allegation not previously addressed, denies that it is in

any way caused or contributed to Third-Party Counter-Claimant's alleged injuries, denies that it is liable to Third-Party Counter-Claimant in any sum or sums, and prays that the Third-Party Counter-Claims be dismissed with costs and attorney's fees taxed to Third-Party Counter-Claimant.

Respectfully Submitted,

 /s/ *Shannon M. Renne*
Gregory L. Cashion (No. 10697)
Shannon M. Renne (No. 42544
SMITH CASHION & ORR, PLC
3100 West End Avenue, Suite 800
Nashville, TN 37203
(615) 742-8555 – Tel
(615) 742-8556 – Fax
gcashion@smithcashion.com
srenne@smithcashion.com
*Counsel for Defendants 87 Shepherd Hills Partners, LLC*
*and The R.G. Anderson Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **November 21, 2025,** a true and correct copy of the *87 Shepherd Hills Partners, LLC.'s Answer to Alfred Benesch & Company's Third-Party Counter-Claims* was filed with the Clerk of the Court using the CM/ECF system, and that a true and correct copy of such filing was served on all known counsel of record listed below through the electronic filing manager, pursuant to the Federal Rules of Civil Procedure.

Eric G. Calhoun
Texas Bar No. 03638800
1595 N. Central Expressway
Richardson, Texas 75080
Telephone: (214) 766-8100
Facsimile: (214) 308-1947
eric@ecalhounlaw.com
egcla@ecalhounlaw.com  (Assistant)

M. Todd Sandahl, (No. 19167)
Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064
Telephone: (615) 794-3450
Facsimile: (615) 794-3510
tsandahl@mtslaw.com

*Counsel for Cynthia George and Chelsie Nitschke*

Brian S. Spitler
Michael H. Dellinger
735 Broad Street, Suite 1100
Chattanooga, TN 37402
Phone: 423-777-4693
Fax: 423-648-2283
bspitler@csvl.law
mdellinger@csvl.law

*Counsel for Defendant Alfred Benesch & Company*

/s/ Shannon M. Renne
Shannon M. Renne